UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER A. ALPERT,

v.                                        Case No. 8:03-cr-54-T-17TBM
                                                   8:04-cv-2580-T-17TBM

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant Jennifer A. Alpert's 28 U.S.C. § 2255

motion to vacate, set aside, or correct an allegedly illegal sentence, and her motion for

leave to supplement her motion to vacate. (Doc. cv-1, cv-10, cr-325).

BACKGROUND

On April 29, 2003, guilty plea proceedings were held before United States Magistrate

Judge Thomas B. McCoun. Alpert pled guilty to Counts One, Thirty-Four, and Forty-Five

of the Indictment. (Doc. cr-103 (Plea Agreement)). Count One charged Alpert with

conspiracy to commit credit identity theft, in violation of 18 U.S.C. § 1028(a)(7); bank fraud, in violation of 18 U.S.C. § 1344; mail fraud, in violation of 18 U.S.C. § 1341; and credit card fraud, in violation of 18 U.S.C. § 1029(a)(3); all in violation of 18 U.S.C. §§ 371 and 2. Count Thirty-Four charged Alpert with mail fraud, in violation of 18 U.S.C. §§ 1341 and 2. Count Forty-Five charged Alpert with possession of unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2. On May 14, 2003, this Court accepted Alpert's guilty plea and entered an adjudication of guilt. (Doc. cr-123).

Pursuant to the plea agreement, Alpert expressly waived her right to appeal her sentence:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Doc. cr-103 at 13).

In preparation for sentencing, a Presentence Investigation Report (PSI) was prepared. The PSI calculated Alpert's offense level to be 25 and her criminal history

category to be 1, yielding a guideline imprisonment range of 57-71 months. PSI ¶ 115.

On November 25, 2003, Alpert was sentenced to 46 months imprisonment as to Count One, concurrent with credit for time served, to be followed by 36 months supervised release, also concurrent. As to Count 34, Alpert was sentenced to 46 months imprisonment, concurrent with credit for time served, to be followed by 60 months supervised release, also concurrent.  As to Count 45, Alpert was sentenced to 46 months imprisonment, concurrent with credit for time served, to be followed by 36 months supervised release, also concurrent. Alpert was ordered to pay a special assessment in the amount of $300. Additionally, Alpert was order to pay restitution in the amount of $436,227.49. (Doc. cr-242). Alpert did not appeal her conviction.

On November 29, 2004, Alpert timely filed the present motion to vacate under 28 U.S.C. § 2255. (Doc. cv-1).  The Government filed a response to the motion (Doc. cv-6) and Alpert filed a reply to the response on March 8, 2005. (Doc. cv-9).

On May 18, 2005, Alpert filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in Case No. 8:05-cv-953-T-24TBM.  This case was transferred to the Ocala Division, Middle District of Florida, on May 23, 2005, and it was given the case number of 5:05-cv-253-OC-10GRJ.  On June 2, 2005, Alpert filed a motion for leave to file supplemental pleadings in this case. (Doc. cv-10).  This Court granted the motion. (Doc. cv-11).  The Government filed responses to the motion to file supplemental pleadings (Doc. cv-12, cv-15).  Alpert filed replies to the responses. (Doc. cv-13, cv-18).

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Alpert's 28 U.S.C. § 2255 motion to vacate must be **DENIED**.

**Appeal Waiver**

In her plea agreement, Alpert waived her right to appeal her sentence except to the extent that the sentence imposed included an upward departure from the sentencing guidelines, was in excess of the statutory maximum, or was in violation of the law apart from the sentencing guidelines.

The right to appeal is statutory and can be waived knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993); see also, United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997). For an appellate waiver to be enforced, the Government must demonstrate either that this Court specifically questioned the Defendant concerning the sentence appeal waiver during the Fed. R. Crim. P. Rule 11 colloquy or that it is manifestly clear from the record that the Defendant otherwise understood the full significance of the waiver. Bushert, 997 F.2d at 1351. The critical inquiry is not the extent to which the district court reviewed the sentence appeal waiver but the extent to which the record demonstrates the defendant's knowledge and understanding of the waiver. See id. (the defendant's knowledge and understanding of the waiver are among the components that constitute the core concerns of the defendant's right to be aware of the direct consequences of his guilty plea). In this instance, the Court specifically questioned Alpert concerning the sentence appeal waiver during the Rule 11 colloquy, and Alpert's responses to the Court's inquiry demonstrate that Alpert understood the appeal waiver. (Doc. cr-196 at 28-29).

The waiver is enforceable against claims of ineffective assistance of counsel, unless the ineffective assistance claims relate directly to the negotiation of the waiver itself. Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001); Cockerham, 237 F.3d at 1187; DeRoo

v. United States, 223 F.3d 919, 924 (8th Cir. 2000); Mason, 211 F.3d at 1069; United

States v. Djelevic, 161 F.3d 104-107 (2d Cir. 1998); but see United States v. Attar, 38 F.3d

727, 732-33 (4th Cir. 1994) (finding that review of complete denial of counsel at sentencing

not precluded by general sentence appeal waiver); United States v. Abarca, 985 F.2d 1012,

1014 (9th Cir. 1993) (stating in dicta that the defendant's waiver did not "categorically

foreclose him from bringing any section 2255 proceeding, such as a claim of ineffective

assistance of counsel or involuntariness of waiver").

In particular, if the complaint underlying the ineffective assistance claims were

waived by a defendant's plea agreement, then the ineffective assistance claim also was

waived. See Djelevic, 161 F.3d at 107 (although "dressed[ed] up" as a Sixth Amendment

claim, defendant really is challenging the correctness of his sentence under the guidelines

and therefore, is barred by the plain language of his plea agreement;  to allow his claim

would be to "render meaningless" such plea agreement waivers); accord Davila, 258 F.3d

at 451-42; Mason, 211 F.3d at 1068; but see United States v. Attar, 38 F.3d 727, 732-33

(4th Cir. 1994) (finding that review of complete denial of counsel at sentencing not

precluded by general sentence appeal waiver); United States v. Abarca, 985 F.2d 1012,

1014 (9th Cir. 1993) (stating in dicta that the defendant's waiver did not "categorically

foreclose[ ] him from bringing any section 2255 proceeding, such as a claim of ineffective

assistance of counsel or involuntariness of waiver"). In particular, if the complaint

underlying the ineffective assistance claim was waived by a defendant's plea agreement,

then the ineffective assistance claim also was waived. See Djelevic, 161 F.3d at 107

(although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the

correctness of his sentence under the guidelines and, therefore, is barred by the plain

language of his plea agreement; to allow his claim would be to "render[ ] meaningless" such

plea agreement waivers); accord Davila, 258 F.3d at 451-52; Mason, 211 F.3d at 1068.

On April 29, 2003, Honorable Magistrate Judge Thomas B. McCoun reviewed with

Alpert her waiver of her right to appeal the sentence and asked whether Alpert understood

the consequences of that waiver. Alpert responded that she did:

> THE COURT: And the last thing about sentencing that I want to point out in the case of Ms. Alpert it's Page 14 and in the case of Mr. Buky it is at Page 11, Paragraph 5, the language dealing with the waiver of appeal. This is a very important provision to both of you.
>
> This language takes away your right to appeal in this case. By this language the situation is this: If either one of you gets sentenced to an illegal sentence - - and by that I mean one that is for more or longer than the law allows - - you would have the right to appeal that sentence. And by this language, if either of you gets a sentence which is an upward departure, in other words if the judge calculates your guidelines at this level but doesn't think that's enough punishment and she bounces you into a higher range, we call that an upward departure. If that happens, you can appeal the upward departure.
>
> However, by this language you are otherwise giving up your right to an appeal in this case. This provision says the only other way that you can take an appeal is if the prosecutor takes an appeal and if that happens, all bets are off.
>
> In practical terms, what you need to understand about this provision is that when you show up for sentencing and the judge calculates your guidelines, if she then sentences you within the calculated range, you are going to be stuck with that sentence. You are not going to be able to appeal it even if it turns out to be worse than you anticipated, as long as it is a lawful sentence.
>
> Do you understand that, Mr. Buky?
>
> DEF. BUKY: Yes, sir.
>
> THE COURT: And you, Ms. Alpert?
>
> DEF. ALPERT: Yes, sir.
>
> **. . .**

THE COURT: Ms. Alpert, anybody promised you anything other than what is set out in your plea agreement in order to get you to enter your plea?

DEF. ALPERT: No, sir.

THE COURT: Anybody told you any particular sentence that you are going to get?

DEF. ALPERT: No.

THE COURT: You have had some discussions about sentencing?

DEF. ALPERT: Yes.

THE COURT: But you have got no promises on it, right?

DEF. ALPERT: Right.

THE COURT: All right. Anybody threaten you in any way or do you feel like you are being forced to coerced by anybody into entering your plea?

DEF. ALPERT: No, sir.

THE COURT: You have been represented by Mr. Sands in these proceedings. Do you have any complaints about anything that he has done on your behalf?

DEF. ALPERT: No, sir.

(Doc. cr-196 at 28-31 (Change of Plea Transcript)). Alpert's claims raised in Grounds One Two and Three of her motion to vacate are not based on any of the exceptions identified in her plea agreement.

For this Court to entertain the issues that Alpert now raises in this collateral proceeding would be to permit Alpert an appeal in contravention of the plain meaning of her plea agreement and to deny the Government the benefit for which it bargained. See Buchanan, 131 F.3d at 1008; see also United States v. Wenger, 58 F.3d 280, 282 (7th Cir. 1995) (defendant exchanged his right to appeal for prosecutorial concessions; "he cannot

have his cake and eat it too"); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991) (rejecting interpretation of plea agreement that would contravene its plain meaning and would make sentence appeal waiver meaningless).

Accordingly, dismissal or summary affirmance at the earliest stage in the process at which it is feasible is warranted. See Buchanan, 131 F.3d at 1008 ("where it is clear from the plea agreement and the Rule 11 colloquy . . . that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced without requiring the Government to brief the merits of the appeal"); see also Benitez- Zapata, 131 F.3d at 1446; Wenger, 58 F.3d at 280 (appeal dismissed based on sentence appeal waiver); United States v. Melancon, 972 F.2d 566, 567-68 (5th Cir. 1992) (same); United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992) (same); United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (same). Therefore, Alpert waived any challenge to her sentence.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Alpert claims her counsel rendered ineffective assistance by not making specific arguments at sentencing and failing to file a direct appeal on Alpert's behalf. Alpert's allegations stem from her dissatisfaction with the sentence imposed by this Court. As discussed above, these claims are barred due to the waiver contained in Alpert's plea agreement. Even absent this waiver, however, her claims are without merit and entitle Alpert to no relief for the reasons discussed below.

To prevail on a claim of ineffective assistance of counsel, Alpert must establish deficient performance and resulting prejudice. The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14

(1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984).   Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic,  466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.  Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)), cert. denied,  531 U.S. 1204 (2001).  Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by

a preponderance of competent evidence, that counsel's performance was unreasonable." Strickland, 466 U.S. at 688. This burden of persuasion, though not insurmountable, is a heavy one. See Chandler, 218 F.3d at 1314  (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)).

"'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts must avoid second-guessing counsel's performance." Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'"  Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689-90).  Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'"  Chandler, 218 F.3d at 1314 (quoting Darden v. Wainwright, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. See Chandler, 218 F.3d at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not ... that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act."  Id.  Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." Id.  Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." Chandler, 218 F.3d  at 1315. For Alpert  to show deficient performance, she "must establish that no competent counsel would have taken the action that her counsel did take." Id. To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes

10

underlying the strategy." <u>Chandler</u>, 218 F.3d  at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." <u>Id.</u> at 1317.

In <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000), the Supreme Court held that when a defendant alleges that his counsel was ineffective for failing to file an appeal, examination of the performance prong of the <u>Strickland</u> test should begin with resolution of the question of whether counsel consulted with the defendant about an appeal. 528 U.S. at 478. If counsel did consult with the defendant, counsel performed in a professionally unreasonable manner only if counsel failed to follow the defendant's express instructions with respect to an appeal. <u>Id.</u>

If counsel did not consult with the defendant, the Court must resolve the question whether counsel had an obligation to consult with the defendant about an appeal. <u>Id.</u> Counsel has a "constitutionally-imposed duty" to consult with the defendant about an appeal when there is reason to think (1) that a rational defendant would want to appeal, or (2) that the particular defendant at issue reasonably demonstrated to counsel that he wanted to appeal. <u>Id.</u> at 479-80. In making this determination, courts must take into account all the information counsel knew or should have known at the time. <u>Id.</u> Highly relevant factors include whether the conviction resulted from a trial or a plea and whether the defendant expressly waived his appellate rights. <u>Id.</u>

**Ineffective Assistance of Counsel for Failure to File an Appeal**

As Ground One, Alpert claims that she asked her counsel to file an appeal on her behalf. The current record in this case does not support a finding of either deficient performance or prejudice. Alpert offers no proof other than her self-serving statement that she asked her attorney to file a notice of appeal. (Doc. cv-1). Accordingly, the record does

not support a finding that Alpert's counsel performed deficiently by failing to follow her instructions. Alpert's counsel did not have a constitutionally-imposed duty to consult with Alpert about an appeal because nothing in the record suggests that a rational defendant would have wanted to appeal or that Alpert reasonably demonstrated that she wanted to appeal. Id. at 478-80. Alpert had pled guilty, waiving the right to appeal any non-jurisdictional defects in the proceedings before the plea. See Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); United States v. Sepe, 474 F.2d 784, 788 (5th Cir. 1973). Moreover, Alpert received a sentence at the low end of the sentencing guidelines. While Alpert need not allege meritorious grounds in order to establish any prejudice resulting from counsel's failure to appeal, that Alpert had received a sentence within the sentencing guidelines and there were no viable grounds for appeal made it reasonable for Alpert's counsel to conclude that a rational defendant would not want to appeal. Id. at 478-80. Alpert has not established that, by her actions, she reasonably demonstrated her desire to appeal. To the contrary, an affidavit provided by Alpert's counsel, Kenton V. Sands, indicates that Alpert did not express her desire to file an appeal. (Doc. cv-6, Exh 1, Affidavit of Kenton v. Sands, Alpert's counsel).

Because the failure to file a notice of appeal results, not in the denial of a fair proceeding, but in the denial of a proceeding altogether, the prejudice prong of the Strickland test for ineffectiveness of counsel in this context requires the defendant to demonstrate that, but for his counsel's omission, there is a reasonable probability that he would have timely appealed. Flores-Ortega, 528 U.S. at 480. If a defendant can make this showing, he is entitled to a belated appeal without regard to the merits of his forfeited appeal.  Id. at 481-82; see also Martin v. United States, 81 F.3d 1083, 1084 (11th Cir.

1996). While demonstration of nonfrivolous grounds for appeal may be adequate to show a reasonable probability that a defendant would have timely appealed, failure to demonstrate nonfrivolous grounds for appeal does not foreclose the possibility that a defendant may establish prejudice. See 528 U.S. 481-82. The current record in this case does not support a finding of either deficient performance or prejudice.

Furthermore, should a Defendant be granted a belated appeal because of trial counsel's failure to file a notice of appeal and should appellate counsel determine that no meritorious issue existed to present, appellate counsel would be obligated to file a brief pursuant to Anders v. California, 386 U.S. 738 (1967).

### Ineffective Assistance of Counsel for Failure to
### Challenge the District Court's Application of Enhancements

As Ground Two, Alpert claims that her counsel was ineffective in his failure to challenge the District Court's application of enhancements attributed to Alpert in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  A thorough review of the record reveals that Alpert is mistaken in her allegation.

On April 29, 2003, Alpert pled guilty to Counts One, Thirty-Four, and Forty-Five of the Indictment before Magistrate Judge Thomas B. McCoun. Alpert agreed to make full restitution to individual victims and financial institution victims. The Government agreed to recommend a three-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and a sentence at the low end of the guideline range. Additionally, the Government agreed not to oppose Alpert's request that the Court not upwardly depart from the applicable guideline range.

At that same time, Alpert agreed to the following conditions as outlined in the PSI:

. . . The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant understands that the Court is required to consider any applicable sentencing guidelines but may from these guidelines under some circumstances. **Defendant acknowledges that the defendant and defendant's attorney have discussed the sentencing guidelines and the defendant understands how the guidelines are applicable to defendant's case**. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding the potential application of the sentencing guidelines to defendant's case and any recommendations by the government are not binding on the United States Probation Office or the Court and that, should any recommendations be rejected, and regardless of the guidelines calculated by the Probation Office or the Court, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. . . .

(Doc. cr-103 at 13) (Emphasis added).

Prior to sentencing, a Presentence Investigation Report (PSI) was prepared. The PSI calculated Alpert's offense level to be 25 and her criminal history category to be 1, yielding a guideline imprisonment range of 57-71 months. PSI ¶ 115. Alpert's counsel filed objections to the PSI. These objections requested a minor role adjustment pursuant to USSG § 3B1.2 (Mitigating Role) and USSG § 5H1.6 (Family Ties and Responsibilities). Additionally, Alpert's counsel reserved his right to argue at sentencing any and all objections to the factual and legal findings in the report.

On November 25, 2003, at Alpert's sentencing, counsel vigorously argued on his client's behalf to reduce Alpert's offense level. These objections included lengthy discussions regarding additional enhancements for loss calculations, obstruction of justice, number of victims, and use of sophisticated means. These discussions were addressed by the court and taken into consideration at the time of sentencing. (Doc. cr-329 at 12-34).

This Court considered counsel's objections and ruled against them.

Alpert is not entitled to relief on her claim that her counsel was ineffective in his failure to argue that her statutory maximum sentence violated Apprendi. The loss attributable to Alpert was not submitted to the jury for finding beyond a reasonable doubt because Alpert voluntarily plead guilty. Moreover, even though Alpert was subject to a statutory maximum sentence of five years imprisonment as to Count One, 30 years imprisonment as to Count Thirty-Four, and 10 years imprisonment as to Count Forty-Five, this Court sentenced her pursuant to the sentencing guidelines at the low end of her guideline range. PSI ¶ 115.

Therefore, Alpert's' sentence contains no Apprendi error and her argument is baseless. See Sanchez, 269 F.3d at 1268-69 (citing United States v. Le, 256 F.3d 1229, 1240 (11th Cir. 2001); United States v. Gallego, 247 F.3d 1191, 1197 (11th Cir. 2001); United States v. Gerrow, 232 F.3d 831, 834 (11th Cir. 2000), cert. denied, 122 S. Ct. 75 (Oct. 1, 2001)).

Alpert's allegation that counsel was deficient because he failed to argue that his client's sentence was in violation of Apprendi is a frivolous argument and devoid of merit. Therefore, Alpert is entitled to no relief on this claim.

### Ineffective Assistance of Counsel for His Failure to Challenge Alpert's Sentence in light of Blakely

As Ground Three, Alpert claims that counsel was ineffective in his failure to challenge Alpert's sentence in light of Blakely v. Washington, 542 U.S. 296 (2004). She claims that her sentence must be vacated because the facts that this Court considered when it determined her sentence under the United States Sentencing Guidelines were not

alleged in her plea agreement or proven beyond a reasonable doubt. (Doc. cv-1 at 8).

Alpert claims that this Court should have sentenced her to 0-6 months imprisonment based on a total offense level of 4 and a criminal history category of 1. A review of the record reveals that counsel did challenge the enhancements that Alpert received during sentencing as outlined above.

Alpert is not entitled to consideration of this claim because the <u>Blakely</u> rule is not retroactively applicable on collateral review. Moreover, even if the rule were retroactively applicable, Alpert waived her <u>Blakely</u> claim at the time she signed her plea agreement.

Finally, in <u>Williams v. United States</u>, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit considered a plea waiver containing the exact same language as that contained in Alpert's plea waiver. Having considered the language in Williams' plea waiver, the Eleventh Circuit held that a valid sentence-appeal waiver, "entered into voluntarily and knowingly pursuant to a plea agreement, precluded movant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." <u>Williams</u>, 396 F.3d at 1341-1342.

In her section 2255 motion, Alpert does not allege that his plea was not knowingly and voluntarily entered. Therefore, her claim fails under the holding in <u>Williams</u>.

### Motion To Supplement the Motion To Vacate

Alpert claims that her Fifth Amendment rights will be violated if the Bureau of Prisons ("BOP") terminates the boot camp program which she allegedly was approved to attend. Additionally, Alpert claims that BOP's termination of the boot camp program will extend her period of incarceration from December 2006 until May 2007. Alpert's allegation lacks merit.

Alpert was sentenced on November 25, 2003 to a term of 46 months of

16

imprisonment with a five-year term of supervised release. (Doc. cr-242). Alpert's federal sentence has been computed as commencing on January 6, 2004, which is the date Alpert voluntarily surrendered into BOP custody. She currently has a projected release date of May 7, 2007. (Doc. cv-15, Exh. 1).

This Court made recommendations to the BOP which included a recommendation that Alpert be incarcerated at the women's camp at FCC Coleman, and that she participate in the shock incarceration program during her incarceration. Upon the BOP's initial classification and designation, Alpert was designated to the satellite camp at FCC Coleman. Id. Alpert was never accepted into the boot camp program. BOP records reveal that Alpert inquired about placement into the program during her progress review meeting with her Unit Team in both January 2004 and December 2004. (Doc. cv-15, Exh. 2 at Program Review Report (Jan. 15, 2004) at 2 and Program Review Report (Dec. 6, 2004) (as redacted). However, she had not been screened or cleared for participation in the program, and she was never recommended for transfer to the Federal Prison Camp in Bryan, Texas, the location of the boot camp. (See Decl. Of Brian K. Berg, Case Management Coordinator at ¶ 4.)  Furthermore, despite her assertions that the BOP's discontinuation of the program altered her release date, Alpert was never awarded, nor did she have any concrete expectation of being awarded, any amount of credit toward completion of her sentence as a result of participation in the boot camp. Id.

Finally, Alpert's claims in her motion to supplement were addressed by the district court in which she is incarcerated.  (See attached order in case 5:05-cv-253-Cv-10GRJ).

Accordingly, the Court orders:

That Alpert's 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-325) is denied, with

prejudice. The Clerk is directed to enter judgment against Alpert in the civil case and to close that case.

ORDERED in Tampa, Florida, on November 16, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE


AUSA: Robert T. Monk
Pro se:Jennifer A. Alpert
Attachments (2)